601 F.2d 362
 20 Empl. Prac. Dec. P 30,079
 Ellsworth L. HAWKINS, Jr., Appellant,
v.
MINNESOTA MINING AND MANUFACTURING COMPANY, a/k/a 3M
Company, Saint Paul, Minnesota, and Local 6-75,
Oil, Chemical and Atomic Workers
International Union, Saint
Paul, Minnesota, Appellees.
 No. 78-1777.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 22, 1979.
Decided July 9, 1979.
 
 E. L. Hawkins, Jr., pro se.
 Thomas P. Kane and Michael J. Bleck, St. Paul, Minn., on brief, for appellee, Minnesota Mining.
 Francis X. Helgesen, Minneapolis, Minn., on brief, for appellee, Union.
 Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ellsworth L. Hawkins, Jr., a black man, filed an action in the United States District Court for the District of Minnesota. He alleged that the Minnesota Mining and Manufacturing Company had discriminated against him on the basis of his race in violation of Title VII, 42 U.S.C. § 2000e Et seq., and 42 U.S.C. § 1981. He also claimed that Local 6-75 of the Oil, Chemical and Atomic Workers International Union breached its duty of fair representation in violation of 29 U.S.C. § 151 Et seq. The matter was tried to the court. It entered judgment in favor of the Company and the Union.
 
 
 2
 Hawkins appeals. He contends that he was denied the right to trial by jury, the right to amend his complaint, the right to take deposition of witnesses, the production of certain documents, the right to proceed in forma pauperis and the right to a court-appointed attorney.
 
 
 3
 We find no merit to any of the contentions and affirm. Hawkins was permitted to proceed in forma pauperis with court-appointed counsel. He later dismissed this counsel and requested the right to proceed pro se. The request was granted. Thereafter, he obtained other counsel who represented him during the pretrial discovery and trial. He made no request for trial by jury. He made no motion to amend his complaint. He made no request to take depositions. Each request that he made to have documents produced was granted. Thus, any issues relating to these matters were waived.
 
 
 4
 In his reply brief, Hawkins alleges, for the first time, that he asked his attorney to make the requests set forth in paragraph two of this opinion and that his attorney refused to so so. He also alleges various other acts of refusal or incompetence on the part of his attorney.
 
 
 5
 We cannot deal with these issues on this appeal. The allegations are conclusory in nature, they were not made to the trial court and there is no record on which we could possibly decide them.
 
 
 6
 The judgment of the District Court is affirmed for the reasons stated herein.